IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENIS K. ROTROFF,

    Plaintiff,    No. CIV S-06-2319 LKK KJM P

  vs.

STEPHEN MAYBERG, et al.,

    Defendants.    FINDINGS AND RECOMMENDATIONS

_____/

    Plaintiff is a California civil detainee committed under California's Sexually Violent Predators Act (SVPA). He is proceeding with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Mayberg is the Director of the California Department of Mental Health (DMH). Defendants MacSpeiden and Emerick are employees of DMH who authored psychological evaluations of plaintiff for use in SVPA proceedings. Plaintiff seeks only injunctive relief and his motion for a preliminary injunction is before the court.

    The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Co. Inc., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting

1  Apple Computer, Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir. 1984)); see also
2  Hartikka v. United States, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent
3  two points on a sliding scale with the focal point being the degree of irreparable injury shown.
4  Oakland Tribune, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
5  demonstrate that there exists a threat of irreparable injury."  Id.  In the absence of a significant
6  showing of irreparability, the court need not reach the issue of likelihood of success on the
7  merits.  Id.

In his amended complaint, plaintiff asserts his Fourteenth Amendment right to due process was violated by defendants during SVPA commitment proceedings.  As a remedy for the alleged violations, plaintiff asks that the court order the following, as related to his motion for a preliminary injunction:

1) That defendants MacSpeiden or Emerick not be allowed to conduct future psychological evaluations of plaintiff for purposes of the SVPA;

2)  That the reports previously authored by MacSpeiden or Emerick not be used for any purpose by the State of California and that any actions taken based upon those reports occurring after October 20, 2006 be rendered "null and void"; and

3) That plaintiff be permitted to record all interviews conducted for the purpose of determining whether plaintiff's commitment under the SVPA should continue and that a copy of the recordings be provided to plaintiff's attorney.
See Am. Compl. at 14-15; Mot. for Preliminary Injunction at 1-2.

Plaintiff seeks these remedies in order to cure what he perceives as flaws that will occur in future SVP commitment proceedings.[1]  However, as defendants suggest in their opposition (Opp'n at 7:27-8:10), plaintiff presents nothing suggesting that if there are flaws in

---

[1] On page 41 of his motion, plaintiff also asserts that if he is not granted the relief requested he will be subjected to improper treatment during his civil commitment.  Plaintiff does not present any evidence in support of this one-time assertion.

the evidence presented during future SVPA commitment proceedings that he will be prevented from objecting, that the evidence will not be excluded by the appropriate decisionmaker, that plaintiff will not be allowed to offer evidence to rebut the objectionable evidence, that any flaws in evidence admitted will not be considered by the trier of fact in deciding how much weight to give to the evidence, or that he will be prevented from challenging any recommitment decision based on any such evidence.[2]  For these reasons, plaintiff fails to establish that he will suffer irreparable injury if the court does not enter the injunction plaintiff seeks.  His request for that injunction should be denied.

        The court notes that defendants also suggest in their opposition that the court does not have subject matter jurisdiction over plaintiff's claims.  Opp'n at 8:11-17.  Defendants assert that if plaintiff is successful with his claims, the necessary implication will be that his civil commitment is unlawful thus making his claims in this action barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994).  Id.  There are two problems with this argument.  First, plaintiff specifically indicates he is not seeking invalidation of his civil commitment.  Mot. at 8:1-10; see also Reply at 6:11-7:2.  Second, plaintiff is challenging procedures that he believes will be used in conjunction with future commitment hearings.  The United States Supreme Court has held that such challenges are not necessarily Heck-barred when they are directed toward non-criminal proceedings such as parole suitability hearings.  Wilkinson v. Dotson, 544 U.S. 74 (2005).  Accordingly, the Heck question raised by defendants is not easily resolved.

        The court need not resolve the Heck question to rule on plaintiff's request for a preliminary injunction.  At the same time, the court notes that defendants have filed a motion to dismiss in which they assert this action should be dismissed based on Heck.  Plaintiff's

---

[2] With respect to plaintiff's request that the court take judicial notice of certain documentary evidence, even if the court did take such notice it would not alter the conclusion reached here. See Mot. at 2 (request for judicial notice of a Trowbridge Foundation request on SVP assessment issues, attached to the motion as Exhibit F), 25 (request for judicial notice of plaintiff's state case, People v. Rotroff, 138 Cal.App.3d 796, 799 (1982)).

1 opposition will be due shortly, to be followed by defendants' reply.  The court will address the
2 merits of the <u>Heck</u> question in response to the motion to dismiss, after the court has the benefit of
3 the parties' full briefing on the issue.
4        In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
5 motion for a preliminary injunction (#12) be denied.
6        These findings and recommendations are submitted to the United States District
7 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8 days after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14 DATED:  September 24, 2008.

_____
U.S. MAGISTRATE JUDGE

1/rg
rotr2319.pi

4